IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Butler,<br><br>       Plaintiff,<br><br>   v.<br><br>Best Supply, Inc.,<br><br>       Defendant. | C/A No. 3:25-14042-CMC<br><br><br><br>Order |

Plaintiff James Butler ("Butler" or "Plaintiff") seeks relief against his former employer, Best Supply, Inc. ("Best" or "Defendant"), alleging discrimination and retaliation in violation of Title VII; hostile work environment and retaliation under 42 U.S.C. § 1981; and state law claims for defamation, assault, battery, negligent supervision and retention, and violations of the South Carolina Payment of Wages Act. Dkt. No. 1-1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").

This matter is before the court on Best's partial motion to dismiss Plaintiff's claims of assault, battery, and negligent supervision and retention, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. Butler filed a response in opposition (Dkt. No. 12), and Best replied (Dkt. No. 13).

On March 24, 2026, the Magistrate Judge issued a Report recommending Best's partial motion to dismiss be granted. Dkt. No. 26. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections (Dkt. No. 27) and Best replied (Dkt. No. 30).

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court need only review the Report for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

Defendant's partial motion to dismiss seeks dismissal of Plaintiff's claims for assault, battery, and negligent supervision and retention pursuant to Rule 12(b)(6). Dkt. No. 8. In his response, Plaintiff stipulates to the dismissal of his assault and battery claims. Dkt. No. 12 at 6. He contends his negligent supervision and retention claim should continue.

The Magistrate Judge recommends granting Defendant's motion to dismiss the negligent supervision and retention claim, in addition to the assault and battery claims. Dkt. No. 26. The Report finds the negligent supervision and retention claim barred by the exclusivity provision of the South Carolina Workers Compensation Act ("the Act") as "extraordinary and unusual" treatment sufficient to constitute a mental injury under the Act. *Id.* at 4-6. In addition, the Report

2

determined Plaintiff could not circumvent the exclusivity clause by selectively seeking only damages not compensable under the Act. *Id.* at 6-7.

### A. *Plaintiff's Objections*

Plaintiff objects to the recommendation of dismissal of the negligent supervision and retention claim. Dkt. No. 27. He asserts the determination whether this claim falls under the Act should not be made at the pleading stage, as it is fact intensive. *Id.* at 3. He contends the Report erred by "effectively treating the label 'negligence' as dispositive of the exclusivity analysis," instead of performing the required "work-related injury" analysis. *Id.* at 4. Plaintiff also submits the Report improperly disregards his argument that he does not seek damages compensable under the Act but instead seeks recovery for reputational loss, loss of goodwill, humiliation, and loss of earning capacity. *Id.* He argues the Report improperly expands unsettled state law by relying on non-binding federal authority and discounts relevant South Carolina trial court authority. *Id.* at 5. Finally, Plaintiff contends the Report failed to conduct the required analysis of whether Plaintiff's alleged injury is a covered mental injury under the Act, and improperly treated Plaintiff's pleaded damages as automatically compensable. *Id.* at 6. In the alternative, Plaintiff asserts dismissal with prejudice is improper at this stage, and he should have an opportunity to "develop the factual record and, if necessary, amend his pleading." *Id.* at 7.

### B. *Defendant's Reply*

Defendant replied to Plaintiff's objections, arguing Plaintiff did not lodge specific objections sufficient to trigger de novo review because he offers no additional arguments beyond those made in his opposition to Defendant's Motion to Dismiss. Dkt. No. 30 at 3. It also asserts the Report engaged in the appropriate analysis of whether Plaintiff's alleged injury is a mental injury covered by the Act, and established no categorical rule regarding negligence claims. *Id.* at

4. It contends Plaintiff cannot avoid exclusivity under the Act through pleading of non-compensable damages, and the Report did not treat the damages as *per se* compensable but focused on the nature of the underlying injury. *Id.* at 5, 8. Defendant submits the Report applied existing South Carolina law, does not expand an unsettled doctrine, and properly relies on persuasive authority. *Id.* at 6-7. Finally, it asserts dismissal with prejudice is appropriate, as this deficiency cannot be cured through amendment but is a legal bar arising from the exclusivity provision of the Act. *Id.* at 8-9.

### C. *Analysis*

The court agrees with the Magistrate Judge Plaintiff's negligent supervision and retention claim is barred by the exclusivity provision of the Act. South Carolina's worker compensation law is the sole method of recovery for employees suffering injury, loss of service, or death at work. S.C. Code Ann. § 42-1-540. The Act defines "personal injury" as "injury by accident arising out of and in the course of employment." *Id.* § 42-1-160(A). The Act further provides that stress or mental injuries unaccompanied by physical injury are not considered compensable "if they result from any event or series of events which are incidental to normal employer/employee relations including ... disciplinary actions ... or terminations, except when these actions are taken in an extraordinary and unusual manner." *Id.* § 42-1-160(C). The Supreme Court of South Carolina has reiterated that the only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. *Cason v. Duke Energy Corp.,* 560 S.E.2d 891, 893 (S.C. 2002). None of these exceptions apply here, and no party argues that they do.

The Act preempts claims regarding workplace physical injury, including physical injury resulting from negligent supervision. *See Dickert v. Metro. Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993). It also preempts allegations of emotional harm for claims of a personal nature, *see id.* at 702, and workplace intentional infliction of emotional distress as constituting "personal injury," *see Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538, 540 (1992).

Both federal and state courts in South Carolina have granted motions to dismiss state law claims for negligent hiring and supervision as preempted by the Act. *Kerr v. Hammond Sch.*, No. CV 3:17-3109-JFA-KFM, 2018 WL 3132409, at *2 (D.S.C. Feb. 22, 2018), *report and recommendation adopted*, No. CV 3:17-3109-JFA-KFM, 2018 WL 1737090 (D.S.C. Apr. 11, 2018) (collecting cases); *see also Lasher v. Day & Zimmerman Int'l, Inc.*, 516 F. Supp. 2d 565, 587 (D.S.C. 2007) (holding negligent supervision claim preempted because it alleges personal injury arising out of and in the course of the plaintiff's employment); *Heyward v. Careteam Plus, Inc.*, No. 4:21-CV-0754, 2022 WL 406016, at *4 (D.S.C. Feb. 10, 2022) (negligent supervision claim barred by the Act when alleged injuries include "emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity," and other intangible injuries).

In cases such as this, where the allegations include mental injury unaccompanied by physical injury, the court must determine whether mental injury resulted from "any event or series of events . . . taken in an extraordinary and unusual manner." § 42-1-160(C); *see Powell v. Vulcan Materials Co.*, 384 S.E.2d 725, 727 (S.C. 1989) (holding employee's single altercation with his boss in which the boss questioned employee's word, accused him of poor performance, followed employee and told him he would not receive credit for earned vacation time if he quit, and threatened to call the police and have employee removed from company property, sufficient to show "unusual and extraordinary condition of employment resulting in a compensable accidental

5

injury"); *Stokes v. First National Bank*, 410 S.E.2d 248, 250 (S.C. 1991) (finding prolonged increase in work hours and additional job responsibilities constituted unusual and extraordinary conditions of employment).

Here, Plaintiff alleges his Operations Manager was "upset and confrontational" when discussing Plaintiff's report of problems at job sites, was told to "back up and give him space," accused Plaintiff of trying to take advantage of him and of seeking extra compensation, and then cut his pay. Dkt. No. 1-1 at ¶¶ 10, 14, 15, 17. The Manager then told Plaintiff he would be fired for proceeding with a lawyer, accused him of "stealing time," suspended him and called the police, and ultimately terminated him. *Id.* at ¶¶ 26, 28, 51, 58. Plaintiff asserts he suffered emotional distress and humiliation, as well as reputational loss, loss of goodwill, and loss of earning capacity. *Id.* at ¶¶ 114, 124, 131.

The court finds Plaintiff has alleged an unusual and extraordinary series of events by the Operations Manager resulting in work-related mental injury; *i.e.*, mental distress and humiliation. Accordingly, Plaintiff's negligent supervision and retention claim is barred by the exclusivity provision of the Act. The court overrules Plaintiff's objections[1] related to the sufficiency of the analysis of this issue, and concludes it is able to make this determination on the record based on Plaintiff's allegations. The court also overrules Plaintiff's objection regarding the damages pled as

---

[1] The court finds Plaintiff's objections sufficient to trigger de novo review. "An objection is specific if it enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, the court finds this bar has been met.

non-compensable under the Act. After reviewing the South Carolina trial court orders provided by Plaintiff, two provide no cited authority for their conclusions regarding non-compensable damages under the Act. Dkt. Nos. 12-1 at 5-6; 12-3 at 5-6. An additional order provides even less discussion of this particular issue. Dkt. No. 12-2 at 4-6. Therefore, the court finds them unpersuasive as compared to the weight of district court authority considering South Carolina case law regarding the Act and analyzing the exclusivity provision and allegations.

Finally, the court finds dismissal with prejudice is appropriate for the negligent supervision and retention claim. This is not a pleading deficiency that can be corrected through amendment – it is a legal bar that cannot be "pled around."

### Conclusion

For the reasons above, after review of the record, the applicable law, the Report and Recommendation, Plaintiff's objections, and Defendant's reply, the court agrees with the findings and conclusions of the Magistrate Judge.  Accordingly, the court adopts the Report, grants Defendant's partial motion to dismiss (Dkt. No. 8), and dismisses Plaintiff's claims for assault, battery, and negligent supervision and retention with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 2, 2026

7